# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ARNOLD KENT SIKKINK,

       Plaintiff,

vs.                                                                                    No. CIV 19-0299 JB/JFR

BRENNON WILLIAMS;
JOHN E. DUBOIS; DAVID
BROWN; MICHELLE L. WALL,
and KEN BRAMLETT,

       Defendants.

## MEMORANDUM OPINION AND ORDER OVERRULING THE PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on: (i) the Defendants' Motion to Dismiss Plaintiff's "Civil Rights Complaint Pursuant to 42 U.S.C. 1983" and for Qualified Immunity and Memorandum in Support Thereof, filed April 25, 2019 (Doc. 5)("Motion to Dismiss"); and (ii) Plaintiff Arnold Kent Sikkink's Civil Rights Complaint Pursuant to 42 U.S.C. 1983, filed April 2, 2019 (Doc. 1)("Complaint"). In his Proposed Findings and Recommended Disposition, filed July 31, 2019 (Doc. 26)("PFRD"), the Honorable John F. Robbenhaar, United States Magistrate Judge, recommended that the Court grant the Motion to Dismiss and dismiss with prejudice the Complaint. On August 13, 2019, Sikkink timely filed Plaintiff's Opposition Motion and Asking Your Honor to Reconsider the Recommendation to Dismiss This Case, filed August 13, 2019 (Doc. 27)("Objections"), to which Defendants Brennon Williams, John E. Dubois, David Brown, Michelle L. Wall, and Ken Bramlett respond in Defendants' Response to Opposition Motion and Asking Your Honor to Reconsider the Recommendation to Dismiss This Case, filed August 15,

2010 (Doc. 28)("Response"). On August 20, 2019, Sikkink filed a reply to the Response. See Plaintiff's Response to Defendants' Response to Opposition Motion and Asking Your Honor to Reconsider the Recommendation to Dismiss This Case, filed August 20, 2019 (Doc. 29)("Reply").

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition pursuant to 28 U.S.C. § 636 and rule 72 of the Federal Rule of Civil Procedure. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the [Magistrate Judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). See 28 U.S.C. § 636(b)(1). When resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). See 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." United States v. 2121 E. 30th St., 73 F.3d 1057, 1060 (10th Cir. 1996). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See also United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

The Court has considered the Motion to Dismiss; Plaintiff's Oppositon [sic] to Defendant's [sic] Motion to Dismiss, filed May 1, 2019 (Doc. 7)("Response to Motion to Dismiss"); the PFRD;

the Objections; the Response; and the Reply in light of the foregoing standards, and has conducted a de novo review. Based on this review, the Court concludes that the Objections to the PFRD lack a sound basis in the applicable law and the case's facts.[1] The Objections consist of repeated factual allegations, and sixty-four pages of exhibits, many of which Sikkink attaches to his Complaint.[2] Sikkink also, in large part, reasserts the same arguments in support of his causes of action that he presents in his Complaint and in response in opposition to the Motion to Dismiss.[3] See Objections at 2-17. For example, Sikkink reasserts that, had he been afforded due process, his business sign would not have been removed. See Objections at 9-11. Sikkink reasserts, without more, that the Defendants falsified public records to cover up their "illegal infractions" related to the removal of his business sign. See Objections at 11. Finally, Sikkink reasserts, without more, that it "seems obvious" that certain of the Defendants were working in concert to facilitate the sale of private property and remove his business sign. See Objections at 12. As for Sikkink's failure to timely file his Complaint, Sikkink restates that it was not until by mid-2017 that he was aware of the extent of the Defendants' participation in depriving him of due process and that it was only after

_____

[1]The Court does not have to consider any new factual allegations or evidence that Sikkink presents for the first time in the Objections. "[T]he Tenth Circuit has stated that '[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.'" Hinzo v. N.M. Dep't of Corr., No. CIV 10-506 JB/CG, 2013 2013 WL 1657915, at *2 (D.N.M. March 29, 2013)(Browning, J.)(quoting Marshall v. Chater, 75 F.3d at 1426; and citing United States v. Garfinkle, 261 F.3d at 1030-31 ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.")). To be generous to Sikkink, the Court has considered this new evidence. The new evidence and allegations do not change the Court's conclusion regarding the Objections lacking a sound basis in law or fact.

[2]The Defendants object to Sikkink's attachments to the extent that they are new and presented for the first time with the Objections. See Response at 3-4; note 1, supra.

[3]Sikkink concedes in his Objections that the actions underlying his abuse-of-power claim did not affect his civil rights directly. See Objections at 17.

failed attempts to resolve his claims with the City of Albuquerque, for which the Defendants work, that he was forced to file the Complaint. See Objections at 15-16; Complaint ¶¶ 2-6, at 1-5. The Objections do not alter that (i) as to certain causes of action, Sikkink has failed to state a constitutional violation against the Defendants, and (ii) as to all causes of action, Sikkink knew or should have known of his alleged causes of action by no later than August 25, 2014, when his business sign was removed. Sikkink therefore filed his April 2, 2019, Complaint outside the three-year statute of limitations period for bringing his claims under 42 U.S.C. § 1983 and the Complaint is untimely.[4]

In short, following its de novo review, the Court finds no fault with Magistrate Judge Robbenhaar's PFRD and discerns nothing that might usefully be added to it. Rather than repeat what Magistrate Judge Robbenhaar has already written, the Court hereby adopts Magistrate Judge Robbenhaar's PFRD and overrules the Objections.

**IT IS ORDERED** that: (i) the Plaintiff's Opposition Motion and Asking Your Honor to Reconsider the Recommendation to Dismiss This Case, filed August 13, 2019 (Doc. 27), is overruled; (ii) the Proposed Findings and Recommended Disposition, filed July 31, 2019 (Doc. 26), is adopted; (iii) the Defendants' Motion to Dismiss Plaintiff's "Civil Rights Complaint Pursuant to 42 U.S.C. 1983" and for Qualified Immunity and Memorandum in Support Thereof, filed April 25, 2019 (Doc. 5), is granted; (iv) Plaintiff's [sic] Requests a Hearing When Your

---

[4]Magistrate Judge Robbenhaar also recommends the Court deny Plaintiff's [sic] Requests a Hearing When Your Honor Rules on Motion to Dismiss Complaint, filed May 15, 2019 (Doc. 17), in which Sikkink requests an opportunity to rebut in court the Motion to Dismiss. The Court has carefully reviewed the Motion to Dismiss, the Response to the Motion to Dismiss, the PFRD, and the Objections, and concludes that a hearing would not be helpful or change the result here, because the Complaint is untimely and Sikkink cannot change that fact.

Honor Rules on Motion to Dismiss Complaint, filed May 15, 2019 (Doc. 17), is denied; and (v) the

Civil Rights Complaint Pursuant to 42 U.S.C. 1983, filed April 2, 2019 (Doc. 1), is dismissed with

prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and parties:*

Arnold Kent Sikkink
Albuquerque, New Mexico

    *Plaintiff pro se*

Jonlyn M. Martinez
Law Firm of Jonlyn M. Martinez
Albuquerque, New Mexico

    *Attorneys for the Defendants*